UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN Y. BROUSSARD, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | Case No. 2:24-cv-0302-CSK<br><br>PRETRIAL SCHEDULING ORDER AND ORDER DISMISSING DOE DEFENDANTS |

READ THIS ORDER CAREFULLY. IT CONTAINS IMPORTANT DATES THAT THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES, INCLUDING THOSE PROCEEDING WITHOUT COUNSEL, MUST COMPLY. FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER APPROPRIATE SANCTIONS.

On June 27, 2024, District Judge Mueller conducted a status (pretrial scheduling) conference in this matter and set dates. (ECF No. 9.) After the parties consented to magistrate judge jurisdiction, this case was reassigned to the undersigned. (ECF No. 10.) In consideration of the parties' Rule 26(f) Joint Scheduling Report, the dates previously set (ECF Nos. 6, 9), and the parties' updated joint status report submitted on July 30, 2024 (ECF Nos. 13, 14), the Court issues the following pretrial scheduling order.

/ / /

## I. NATURE OF THE CASE

From the parties' Rule 26(f) Joint Scheduling Report (ECF No. 6 at 2-3):

<u>Position of Plaintiffs Karen Y. Broussard and Dennis Mickle</u>

"This action is a breach-of-warranty case under the Song-Beverly Consumer Warranty Act (Cal. Code. Civ. Proc. §§ 1790, et seq.), arising from Plaintiffs Karen Y. Broussard and Dennis J. Mickle's ("Plaintiffs") purchase of a new 2022 Lincoln Aviator, VIN No.: 5LM5J7XC2NGL03493 ("Subject Vehicle") on or about September 28, 2021. The Subject Vehicle was sold to Plaintiffs with express and implied warranties from Defendant Ford Motor Company ("Defendant" or "Ford"). During the warranty period, the Subject Vehicle contained or developed defects, including (but not limited to) defects related to the emission and engine system defects. Said defects substantially impaired the Subject Vehicle's use, value, and/or safety. Notwithstanding, Defendant and its representatives in this state have been unable to service or repair the Subject Vehicle to conform to the applicable warranties after a reasonable number of attempts. Despite this, Defendant failed to promptly replace the Subject Vehicle or make restitution to Plaintiffs as required under California law.

The primary law applicable to this matter is California's Song-Beverly Consumer Warranty Act, which is a well-developed body of law. Plaintiffs contend that Defendant has violated the Song-Beverly Consumer Warranty Act. The key legal issues will involve whether or not there were defects and non-conformities with the Subject Vehicle; whether any alleged defects and nonconformities substantially impair the use, value, or safety of the subject vehicle; whether there was a breach of any express or implied warranty; whether Defendant was given a reasonable opportunity to repair the defects and nonconformities; whether Plaintiffs suffered any cognizable injury or recoverable damages; whether FMC had a duty to repurchase the Subject Vehicle; whether FMC's failure to repurchase the Subject Vehicle was willful; whether FMC had a duty to disclose the alleged defect(s); whether FMC failed to disclose or actively concealed the alleged defect(s); and whether Defendant intentionally concealed and failed to disclose facts

2

relating to the subject vehicle's alleged defect. Plaintiffs further contend that Defendant willfully failed to comply with its obligation to promptly repurchase the nonconforming Subject Vehicle.

As such, Plaintiffs are entitled to and seek a repurchase of the Subject Vehicle, rescission of the purchase agreement, and refund of the remuneration expended on their purchase. Moreover, Plaintiffs contend that Ford willfully violated Civil Code §1794(c) by failing to promptly repurchase the Subject Vehicle entitling Plaintiffs to civil penalties under Civil Code § 1794(c). Plaintiffs seek incidental and consequential damages, collateral damages, and attorney fees."

Position of Defendant Ford Motor Company

"This case was filed in the Superior Court of California, County of Sacramento on December 14, 2023. Defendant Ford Motor Company filed a notice of removal on January 25, 2024 on diversity jurisdiction grounds."

**II.    SERVICE OF PROCESS, JOINDER OF PARTIES, PLEADINGS AMENDMENT**

The named Defendant, Ford Motor Company, has been served and has answered the Complaint. (ECF No. 6 at 3-4; ECF No. 1-3.)

The Court notes ten (10) Doe Defendants are named in the Complaint. (*See* ECF No. 1-2.) The inclusion of such "Doe" defendants is generally disfavored in the Ninth Circuit. *Soo Park v. Thompson*, 851 F.3d 910, 928 n.21 (9th Cir. 2017) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). In addition, in the parties' Rule 26(f) report, Plaintiffs indicate that Defendant Ford Motor Company is the only defendant, stating:

- "Defendant, Ford Motor Company was served on December 14, 2023. At this time, Plaintiffs believe that all Defendants have been served pertaining to Plaintiffs' claims." (ECF No. 6 at 3.)
- "At this time, Plaintiffs believe that it is unlikely they will file a motion to add parties or claims. Plaintiffs are informed and believe that all proper, necessary, and indispensable parties have been served regarding Plaintiffs' claims." (ECF No. 6 at 4.)

The Doe Defendants are hereby DISMISSED from this case, and should Plaintiffs wish to amend to add additional named defendants after discovering their identities, Plaintiffs may file a motion to amend and submit this motion for the Court's review. No further service, joinder of parties, or amendments to pleadings is permitted except with leave of Court, and only after good cause is shown.

### III. JURISDICTION / VENUE

The parties assert that the Court has diversity jurisdiction (ECF No. 6 at 4-5), which is found to be proper. Venue is proper and undisputed. (*Id.*)

### IV. DISCOVERY DEADLINES AND PROCEDURES FOR DISCOVERY DISPUTES

#### A. Initial Disclosures

The parties agreed to exchange Rule 26 Initial Disclosures on or before **July 11, 2024** (ECF No. 6 at 5-6), and this date was previously ordered by Judge Mueller (ECF No. 9). The Court adopts this date in this scheduling order.

#### B. Discovery Status Conference

The Court hereby schedules a status conference for **Tuesday, September 17, 2024** at 10:00 a.m. in Courtroom No. 25 before Magistrate Judge Chi Soo Kim. The purpose of this status conference is to proactively address any potential discovery issues, including the discovery issues raised in the parties' Rule 26(f) report regarding Defendant's databases. (ECF No. 6 at 6-9.)

#### C. Joint Mid-Discovery and Mediation Status Statement

Judge Mueller previously ordered the parties to file a joint report by November 29, 2024 on the status of private mediation and settlement efforts (ECF No. 9), and the Court adopts this date in this scheduling order.

In the same joint report due by **November 29, 2024**, the parties shall include a Joint Mid-Discovery Statement summarizing the current status of discovery efforts. This statement shall include discovery completed to date and identification of issues, if any, preventing discovery from proceeding in a timely manner. The filing of this statement shall not relieve the parties or counsel of their obligations to meet and confer, comply

with the deadlines set by the Court, and comply with the discovery procedures set by the Court.

### D. Non-Expert Discovery

All non-expert discovery shall be completed by **February 24, 2025**. This date was previously ordered by Judge Mueller (ECF No. 9), and the Court adopts this date in this scheduling order.

"Completed" means (1) all non-expert discovery shall have been conducted, including written discovery and depositions taken, and (2) any disputes related to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with. Any discovery-related motions must conform to the requirements of the Federal Rules of Civil Procedure, this Court's Local Rules,[1] including Local Rule 251, and Judge Kim's Civil Standing Orders.[2] Judge Kim hears civil motions on Tuesdays at 10:00 a.m.

### E. Expert Discovery

The parties shall disclose any expert witnesses in accordance with Federal Rule of Civil Procedure 26(a)(2) no later than **January 27, 2025**. Any rebuttal expert disclosures shall be made in accordance with Fed. R. Civ. P. 26(a)(2) no later than **February 10, 2025**. Expert disclosures shall be served upon all parties. All expert discovery shall be completed by **February 24, 2025**. These dates were previously ordered by Judge Mueller (ECF No. 9), and the Court adopts them in this scheduling order.

"Completed" means (1) all expert discovery shall have been conducted, including depositions taken, and (2) any disputes related to expert discovery shall have been resolved by appropriate court order if necessary and, where discovery has been ordered,

---

[1] The Local Rules of the United States District Court for the Eastern District of California are available on the district court's website: https://www.caed.uscourts.gov/caednew/index.cfm/rules/local-rules/.
[2] Judge Kim's Civil Standing Orders are available on Judge Kim's webpage on the district court's website: https://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-chi-soo-kim-csk/.

the order has been complied with. The same procedures for discovery disputes applies to non-expert and expert discovery.

An expert witness not timely disclosed will not be permitted to testify unless the party offering the expert witness demonstrates that the failure was substantially justified or is harmless. *See* Fed. R. Civ. P. 37(c). Upon discovery of any such expert witness, the party offering the late disclosed expert witness must promptly notify all parties in writing, promptly make the expert witness available for deposition, and promptly notify the Court in a written filling. This filing must include the case deadlines for expert disclosures, expert discovery cut-off, dispositive motions, final pretrial conference, and trial. Failure to timely provide the information required by Fed. R. Civ. P. 26(a)(2) may lead to preclusion of the expert's testimony or other appropriate sanctions. *See* Fed. R. Civ. P. 37(c).

### F.     Discovery Disputes

Prior to filing any discovery-related motions, the parties are required to meet and confer in good faith in an attempt to resolve their discovery disputes informally and without Court intervention. Such meet and confer shall take place in person, by telephone, or by video. The mere exchange of letters or e-mails alone is not sufficient. As part of their joint statement related to a discovery motion submitted pursuant to Local Rule 251, the parties shall also specifically outline: (a) what meet-and-confer efforts were taken, including when and where such discussions took place, who participated, how the parties' disputes were narrowed as a result of such discussions; and (b) a summary of discovery completed to date. Failure to comply with these requirements may result in summary denial of any discovery motion.

The Court strongly encourages the use of informal telephonic discovery conferences with the Court in lieu of formal discovery motion practice. The procedures and conditions for requesting and conducting such an informal telephonic discovery conference are set forth in Judge Kim's Civil Standing Orders. In addition, and subject to availability, the Court will rule on disputes encountered during oral depositions. If a

dispute arises during the deposition, the parties may contact Judge Kim's Courtroom Deputy at (916) 930-4187 to inquire regarding Judge Kim's availability. However, the parties are cautioned that these informal procedures are not to be abused, and the Court may impose appropriate sanctions.

**V.     MOTIONS**

All pretrial law and motion, including motions for summary judgment under Fed. R. Civ. P. 56, shall be <u>heard</u> by **May 6, 2025**.[3] Therefore, the March 28, 2025 dispositive motion filing deadline previously ordered by Judge Mueller (ECF No. 9) is vacated.

Dispositive motions must be filed following the procedures of Local Rules 230 and 260, and Judge Kim's Civil Standing Orders. Counsel and parties proceeding without counsel should pay particular attention to the rules for Statements of Undisputed Facts for motions for summary judgment, cross motions for summary judgment, and general brief requirements in the Local Rules and Judge Kim's Civil Standing Orders. If both Plaintiff and Defendant intend to file motions for summary judgment, the parties must follow the schedule and requirements set out in Judge Kim's Civil Standing Orders for cross motions for summary judgment.[4] Judge Kim generally hears civil motions on Tuesdays at 10:00 a.m. This paragraph does <u>not</u> apply to motions for continuances, motions in limine related to trial, temporary restraining orders, or other emergency applications, for which the Court may set a special briefing schedule, if necessary or appropriate.

All purely legal issues are to be resolved by timely pretrial motion. The purpose of law and motion is to narrow and refine the legal issues raised by the case, as well as to dispose of those issues that can be resolved by pretrial motion. Motions in limine should

---

[3] Pursuant to Local Rule 230(b), a motion set for hearing on May 6, 2025 must be filed by April 1, 2025, which is 35 days before the hearing date. Please note that Judge Kim has a separate schedule for cross motions for summary judgment, which is set out in her Civil Standing Orders.

[4] Pursuant to Judge Kim's Civil Standing Orders, if both Plaintiff and Defendant intend to file motions for summary judgment, Plaintiff's opening summary judgment motion must be filed by March 18, 2025.

address trial-related issues, such as the admissibility of evidence. The Court will look with disfavor upon dispositive motions or other substantive legal motions presented as motions in limine at the time of trial.

## VI. SETTLEMENT CONFERENCE

If the parties want to conduct a settlement conference with a magistrate judge, they are to contact the undersigned's courtroom deputy at (916) 930-4187 or awaldrop@caed.uscourts.gov, to inquire as to the availability of another magistrate judge for a settlement conference. Parties should communicate the specific time frame when they would like the settlement conference held.

## VII. FINAL PRETRIAL CONFERENCE AND TRIAL

The final pretrial conference is set for **August 5, 2025** at 10:00 a.m. in Courtroom No. 25 before Judge Kim. Trial counsel must appear at the final pretrial conference. At the final pretrial conference, the Court will set the deadlines for other trial-related deadlines, including the submission of exhibits, trial briefs, proposed voir dire, jury instructions, and verdict forms.

### A. Joint Pretrial Statement

The parties shall file a **joint** pretrial statement pursuant to Local Rule 281(a)(2). The joint pretrial statement must be filed no later than twenty-one (21) days before the date set for the final pretrial conference and must also be emailed as a Word document to CSKorders@caed.uscourts.gov. **Separate pretrial statements are not permitted unless a party is not represented by counsel**.

The pretrial statement must cover all topics identified in Local Rule 281 with the following additions and clarifications:

1. Statement of the Case:  A concise statement of the case must be included.
2. Trial Length Estimate:  The parties estimate trial to be approximately 5-7 days. (ECF No. 6 at 11.) In the pretrial statement, if the parties have an updated estimate of the length of trial, they shall provide it. Unless otherwise ordered, trial hours will be from 9:30 a.m. to 4:30 p.m., Monday

through Friday.

3. Procedural Status:  A concise summary of the procedural status of the case must be included, including the disposition of any motions and whether any motions are still pending.

4. Factual Issues:  The undisputed facts and disputed factual issues shall be set forth in separate sections of the pretrial statement. Each fact or factual issue should be numbered. For disputed factual issues, identify the cause of action or defense to which the factual issue is related.

5. Points of Law:  In the points of law section of the pretrial statement, include the elements for each cause of action and each defense, with citation to the relevant legal authority.

6. Motions In Limine:  The parties shall also identify the motions in limine each party reasonably anticipates filing.

7. Witnesses:  Each party's witness list must be submitted as a separate attachment to the pretrial statement, and labeled as such. The witness list must include the witness's name; the witness's title or position; whether the testimony is offered in-person or by deposition; whether the witness is designated as an expert; and a concise statement of the anticipated subjects of testimony. Pursuant to Local Rule 281, only individuals on the witness list submitted with the pretrial statement will be permitted to testify at trial, except as may be otherwise provided in the pretrial order. The witness's address does not need to be included.

8. Exhibits:  Each party's exhibit list must be submitted as a separate attachment to the pretrial statement, and labeled as such. Plaintiffs' exhibits shall be listed numerically; Defendant's exhibits shall be listed alphabetically. All exhibits must be identified with a reasonable amount of detail, including: bates numbers; document/file date; and a concise description. Pursuant to Local Rule 281, only exhibits on the exhibit list

    submitted with the pretrial statement will be permitted to be offered at trial, except as may be otherwise provided in the pretrial order.

9. <u>Further Discovery or Motions</u>:  Inclusion of a section regarding further discovery or motions in the pretrial statement pursuant to Local Rule 218(b)(13) will not be interpreted as a motion to request further discovery, a request to modify the scheduling order or any other order issued for this case, or as an actual motion or request. The parties must continue to follow the scheduling order(s) for this case, the Local Rules, and the Court's standing orders to request further discovery or a modification of the scheduling order(s).

**B.     Motions In Limine**

Motions in limine shall be filed fourteen (14) days before the date set for the final pretrial conference. Any opposition shall be filed seven (7) days before the date set for the final pretrial conference. No replies shall be filed. The parties should be prepared to argue their motions in limine at the final pretrial conference. The Court will endeavor to rule on motions in limine before trial begins to assist the parties in their trial preparations.

Briefing for motions in limine shall be limited to 25 pages total for each side. Each motion in limine should be numbered and clearly identified. For example, "Plaintiffs' Motion in Limine No. 1 Re: [subject]." The brief shall include a table of contents at the beginning that lists each motion in limine and the page number on which the motion begins.

Briefing for oppositions/ responses to motions in limine shall also be limited to 25 pages total for each side. Each opposition/ response should be numbered and clearly identified. For example, "Defendant's Opposition to Plaintiffs' Motion in Limine No. 1 Re: [subject]." The brief shall also include a table of contents at the beginning that lists each motion in limine opposition/ response and the page number on which the opposition/ response begins.

/ / /

**C. Trial**

A jury trial is set for **September 2, 2025** at 9:30 a.m., in Courtroom No. 25. The parties estimate five to seven days for trial. (ECF No. 6 at 11.)

**VIII. SCHEDULE SUMMARY**

| Event | Deadline |
| --- | --- |
| Initial Disclosure Exchange | **July 11, 2024** |
| Discovery Status Conference | **September 17, 2024** |
| Joint Mid-Discovery and Mediation Status Report | **November 29, 2024** |
| Expert Disclosures | **January 27, 2025** |
| Rebuttal Expert Disclosures | **February 10, 2025** |
| Non-Expert Discovery Completion | **February 24, 2025** |
| Expert Discovery Completion | **February 24, 2025** |
| If cross-motions for summary judgment,[5] Plaintiff's Summary Judgment Motion Filed By | **March 18, 2025** |
| If no cross-motions for summary judgment, Dispositive Motion Filed By | **April 1, 2025** |
| Dispositive Motions Heard By | **May 6, 2025** |
| Joint Pretrial Statement Filed By | 21 days before the FPTC |
| Motions In Limine Filed By | 14 days before the FPTC |
| Final Pretrial Conference ("FPTC") and Motions In Limine Hearing | **August 5, 2025** |
| Jury Trial (5-7 days) | **September 2, 2025** |

**IX. MODIFICATIONS OF THIS SCHEDULING ORDER**

This case schedule will become final without further order of the Court unless written objections are filed within fourteen (14) days of the entry of this order. The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b)(4), this order shall not be modified except by leave of Court upon a showing of "good cause." *See Johnson*

---

[5] If both Plaintiff and Defendant intend to file motions for summary judgment, the parties must follow the schedule set out in Judge Kim's Civil Standing Orders for cross motions for summary judgment.

*v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992). Agreement by the parties pursuant to a stipulation does not constitute good cause. Nor does the unavailability of witnesses or counsel, except in extraordinary circumstances, constitute good cause. Requests or stipulations to continue dispositive motion deadlines, the final pretrial conference, or trial dates must establish good cause and are not granted lightly.

Any request or stipulation to modify this scheduling order must set forth the following:

1. the existing due date or hearing date as well as the discovery cutoff date, the last date for hearing motions, the final pretrial conference date, and the trial date;
2. whether there have been prior requests for extensions, and whether these were granted or denied by the Court; and
3. specific, concrete reasons supporting good cause for granting the extension. For example, if the reason for the requested extension is that it "will promote settlement," the requesting party or parties must indicate the status of negotiation efforts (e.g., whether a mediator has been selected, a mediation has been scheduled, etc.).

Dated:  August 1, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

3, brou.302